.Houce, J.
This cause is 'here on appeal from the common pleas court of Fairfield county, Ohio.
The petition in substance avers that oh May 27, 1915, .plaintiff, Samuel H. Layton, was elected to the office and position of superintendent of schools for the city of Lancaster, Ohio, by .the board of education of said city; that his term of office was for three years from the 1st day of September, 1915; that his salary was fixed at $2,200 per year, *500 payable in monthly installments of $188.33 1-3; that he holds a state life-certificate as a teacher in the high schools of Ohio; that he accepted said employment and is now discharging the duties of same; that his salary has been paid up to July 1, 1916; that the defendant Jerry R. Clements claims to have been elected superintendent of said schools by the board of education of said city of Lancaster, for the year commencing September 1, 1916, and is now assuming and attempting to act as such; that said defendant is attempting- by force and otherwise to get possession of the books and papers pertaining to said position, and by force and otherwise and against the law and rights of plaintiff seeks to assume and perform the duties of superintendent, as aforesaid; and that the other defendants herein are aiding and assisting said Clements in his unlawful acts and are attempting to prevent the plaintiff from acting as such superintendent and from the performance of his official duties.
Plaintiff prays for an injunction restraining each and all of the defendants from in any way interfering with 'him in the performance of his duties as superintendent aforesaid, and enjoining the payment of any salary to the defendant Jerry R. Clements.
The ‘defendants filed an answer denying all of the material allegations of the petition.
Upon these pleadings and the evidence the cause was submitted to this court.
The undisputed evidence in this case is that on May 29, 1913, the plaintiff was elected superintendent of the Lancaster schools for a period of *501 two years, commencing on the 1st day of July, 1913; that he accepted and performed the duties of said position; that on May 27; 1915, he was elected for. a period of three years at a salary of $2,200 per year, term to commence on July 1, 1915, and that he accepted said position and ént'ered upon the discharge of his duties and has been paid his salary to July 14, 1916; that the membership of the board of education prior to January 1, 1916, consisted of G. E. Miller, J. T. Oberdorfer, L. G. Silbaugh, J. D. Van Gundy and L. E. Eyman; and that subsequent to that date its membership consisted of J. T. Oberdorfer, Lee O’Grady, J. D. Van Gundy, Ralph W. Wolfe and L. E. Marten.
The minutes of a board of education meeting held May 1, 1916, are:
“The following resolution was read. Resolved: Be it Resolved by the Board of Education of the City of Lancaster, Ohio,
“1st. That by reason of the inefficiency, neglect of duty and improper conduct of S. H. Layton, ■superintendent of said schools, the said S. H. Lay-ton is by said board of education of the city of Lancaster, Ohio, hereby discharged’ and dismissed as such superintendent of the said Lancaster ■schools, .the said discharge- and dismissal aforesaid to become effective on the 30th day of June, 1916.
“2nd. That upon the passage of this resolution, the clerk of this board, be, and he is hereby ordered to serve a copy of said resolution on said S. H. Layton, within five days from the date of the passage hereof, and of his service to make due return forthwith to this board.
*502 “Offered by J. T. Oberdorfer, seconded by Lee O’Grady. The vote on the above resolution was as follows: T. D. Van Gundy, yes; Lee 'O’Grady,
yes; J. T. Oberdorfer, yes; Ralph W. Wolfe, yes; L. E. Marten, yes. The president then declared the motion carried.
“Upon calling for remarks before vote on the above resolution, Supt. Layton said: T would like to demand more specific charges.’
“No other remarks were made and motion to adjourn was carried.
“T. D. Van Gundy, Pres.
“W. A. Thompson, Clerk.
“A copy of the above resolution was placed in the hands of Supt. S. H. Layton, by the clerk of the board of education of Lancaster, Ohio, on May ,4, 1916.
“W. A. Thompson, Clerk.”
Minutes of board of education meeting held May 25, 1916:
“The following resolution was offered by J. T. Oberdorfer, seconded by Lee O’Grady:
“Resolution. There being a vacancy in the office of superintendent of schools of the city of Lancaster, Ohio, on and after the 30th day of June, 1916, therefore,
“Be it Resolved by the board of education of the city of Lancaster, Ohio, that Lewis D. Bonebrake be, and he hereby is, employed and elected to the position of superintendent of the schools of said city of Lancaster, Ohio, for a term of two years, *503 at an annual salary of $2,500 per year; said term of Lewis D. Bonebrake as such superintendent as aforesaid shall begin on the 1st day of July, 1916. On call of roll of board, the vote on the above resolution was as follows: Oberdorfer, yes; Van Gundy, yes; O’Grady, yes; Wolfe, yes; Marten, yes; said resolution receiving a majority of all votes of said board of education, the president of said board, J. D. Van Gundy, declared the said Lewis D. Bonebrake duly elected and employed as such superintendent of the schools of the city of Lancaster, Ohio, in accordance with the terms, conditions and specifications of said resolution.”
Minutes of board of education meeting held May 25, 1916:
“Board of education of Lancaster schools met in adjourned session with following present: J. D. Van Gundy, Dr. Lee O’Grady and L. E. Marten.
“Clerk reported that contract for south building improvement had been approved by city solicitor and placed in hands of the Gosling Plumbing Co. for signature.
“The following resolution was offered by O’Grady, seconded by L. E. Marten:
“Be it Resolved by the board of education of Lancaster city schools, Lancaster, Ohio, that the clerk'of this board be instructed to ask Mr. S. H. Layton for all keys to buildings and for the custody of any property said Mr. Layton may have in his possession belonging to the said board of education and Lancaster schools. Roll call as follows: Van Gundy, yes; O’Grady, yes; Marten, yes. Resolution adopted.
*504 “Motion by O’Grady, seconded by Marten, that clerk be instructed to have the grass cut on north school grounds. Motion carried.
“Adjourned to meet July 8, 1916.
“J. D. Van Gundy, Pres.
“W. A. Thompson, 'Clerk.”
Minutes of the board of education meeting held July 27, 1916:
“The following resolution was read by the clerk: Resolution: There being a vacancy in the office of the superintendent of the schools of the city of Lancaster, Ohio, caused by the death of Superintendent-elect Lewis D. Bonebrake, Be it Resolved, by the board of education of the city of Lancaster, Ohio, that J. R. Clements be, .and he is hereby employed and elected to the position of superintendent of the schools of said city of Lancaster, Ohio, for a term of two years, at an annual salary of $2,500 per year. Said term of J. R. Clements as such superintendent as aforesaid shall begin on the 1st day of September, 1916.
“Offered by Lee O’Grady, seconded by L. E. Marten. On roll call of the board the vote on the above resolution was as follows:
“Oberdorfer, yes; Van Gundy, yes; O’Grady, yes; Marten, yes; Wolfe, yes. Said resolution receiving a majority of all of said board of education, the president of the said board, J. D. Van Gundy, declared the said J. R. Clements duly elected and employed as such superintendent of the schools of the city of Lancaster, Ohio, in accordance with the term, condition and specifications of said resolution.”
*505 Plaintiff was ready and willing to and did perform all of the duties of superintendent of schools of the city of Lancaster, Ohio, and did all that was necessary to he done until defendants placed new locks upon the doors to the superintendent’s office and refused him admittance thereto, which was on or about the .. . day of August, 1916.
It is not claimed that any charges were preferred against the plaintiff, as provided "by Section 7701, General Code, or that he was given an opportunity to be heard either by the board or a committee thereof.
Under these facts this court is called upon to determine as to whether or not the plaintiff is entitled to the relief prayed for in his petition.
The defendants contend that plaintiff’s petition should be dismissed for the following reasons :
1. That the plaintiff has no valid and binding contract of employment with the defendant board of education.
2. That if plaintiff has any right of action against the defendants that it is one in law and not in equity.
Learned ¡counsel for the defendants urge that because the term of employment does not end With the 31st day 'of August, as provided by Section 7702, General Code/ plaintiff has no valid contract.
This provision, as we view it, is directory and not mandatory. A board of education may employ a superintendent for not to exceed five years, but it may employ one for less than that period, which was done in the present case. The essence of the contract under consideration is not time, and there *506 fore we do not think the claim of the defendants in this regard is well taken.
The contract was for three years, and it must be admitted that at the time it was entered into it was done in good faith and considered binding upon all the parties thereto.
Plaintiff performed his part of the contract, defendants accepted it for one year, and then the personnel of the board of education changed and an attempt was made to annul said contract on the part of the board of education.
No opportunity was given the plaintiff to be ■heard as to any alleged inefficiency, neglect of duty or improper conduct on his part. But the legislature of Ohio has seen proper to place a protection around teachers and superintendents of schools by the enactment of a wise statute, the provisions of which are clear, definite and certain. Section 7701, General Code, provides:
“Each 'board may dismiss any appointee or teacher for inefficiency, neglect of duty, immorality, or improper conduct. No teacher shall be dismissed by any board unless the charges are first reduced to writing and an opportunity be given for defense before the board, or a committee thereof,” etc.
Defendants insist that from a proper construction of the above -statute we are bound to reach the conclusion that a superintendent is not a teacher.
It seems to us that this construction would lead us to conclude that the legislature had a higher regard for the protection of a janitor or a primary teacher than it had for the efficiency, protection *507 and safety of its “guiding star of the school system,” the superintendent.
We are bound to disagree with the construction urged by learned counsel for the defendants, and hold that a superintendent of schools is a teacher and is entitled to all the protection placed about him by the provisions of the statute just referred to.
The contract before us is a solemn and binding obligation between the parties to it, and can not and should not be set aside and held for naught, unless there has been some violation of its terms and provisions.
What act of omission or commission on the part of the plaintiff has been proven that would warrant a court in setting aside his contract of employment in this case? We are unable to find any.
A contract entered into between a board of education and.an individual is just as binding on the parties as if made between individuals; and a court will not permit a board of education to abrogate and hold for naught a valid contract made by its predecessors in office, unless it first establishes its .egal right to do so. In the case at bar there is certainly no evidence warranting it.
Coming now to the second proposition urged by the defendants. Has the plaintiff pursued the proper remedy? Counsel for defendants in their brief say:
“The defendants did everything that they could do to get rid of the plaintiff. They demanded the keys. When this was refused they took possession of the office, changed the locks on the doors, and with force kept him out. True, he came into the room while they were holding a meeting, but he *508 was not invited and did not take part in the proceedings. He certainly vtfas not recognized by the board.”
Where do we find the equities in this case in the face of such admissions of facts, and in face of the further fact that the defendant Clements with the approval of the other defendants herein had taken charge of some of the school papers and by means of locks and force kept plaintiff from performing the duties of his position as superintendent of schools, notwithstanding the fact that he had a valid contract? What was plaintiff’s duty in the premises — to use force against force, or to seek redress in a court of equity whereby he might be restored to his just and equitable rights?
But it is insisted that he is not a public officer and therefore his remedy was in damages to be obtained in a court of law.
We do not deem it necessary to discuss this question at great length, because in the light of the conceded facts in this case it is obvious that under the law the plaintiff’s relationship to the defendants was of such a character that he was fully justified in seeking relief in a court of equity.
We are of the opinion that the plaintiff is entitled to the relief prayed for in his petition.

Decree and judgment accordingly.

Powell and Shields, JJ., concur.